THE BOROUGH OF MOUNTAINSIDE, PROSECUTOR, v. THE BOARD OF EQUALIZATION OF TAXES.

Submitted March 18, 1910—Decided June 13, 1910.

Under sub-section 4 of section 3 of an act for the assessment and collection of taxes (*Pamph. L.* 1903, *p.* 394), buildings "used exclusively for purposes considered charitable under the common law" are exempt from taxation notwithstanding that they are owned and conducted by a corporation of this state whose buildings, used exclusively for an orphan asylum in another taxing district, are there exempt from taxation under an earlier clause of the same section of the act.

On *certiorari.*

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutor, *William R. Wilson.*

For the defendant, *E. A. & W. T. Day.*

The opinion of the court was delivered by

GARRISON, J.  The Newark Orphan Asylum Association, a charitable association incorporated under the laws of this state, has its headquarters in the city of Newark, where its charitable work is carried on during the winter and for the greater part of each year and where it is exempted from taxation in accordance with the statute.  During parts of the spring, summer and fall of each year, for about five months in all, the charity in question is carried out by means of the property of the association at Mountainside, where it has suitable buildings and seventeen acres of land, all of which were taxed by the local authorities and by the county board on appeal.  The board of equalization of taxes exempted the buildings and five acres of land.  This was correct under the act of 1903 (*Pamph. L., p.* 394).  Under the first clause of this statute the land on which the buildings stand, not exceeding five acres, is exempted, but under a subsequent clause all

buildings used exclusively for charities at common law and the land on which they are erected "necessary for the fair enjoyment thereof" is exempt. The board rightly construed this last expression as analogous to the prescription of the first clause.

The exemption in Newark is under the first clause, that now before us is under the subsequent clause, and there is nothing in the statute that permits us to modify this language by construction or to restrict the scope given to it by the legislature.

The judgment of the board of equalization is affirmed.